UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JONATHAN QUERISMA,

    Plaintiff,

v.                                Case No. 3:22cv5048-MCR-HTC

MATTHEW AIMANOVICH, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff Jonathan Querisma, proceeding *pro se,* has filed an amended complaint seeking to recover damages against Defendants for retaining his cell phones for several months after an arrest. ECF Doc. 5. Plaintiff, a music performer, claims this deprivation of property caused him to miss out on several potential paid performances. The matter was referred to the undersigned Magistrate Judge for preliminary screening and the filing of a report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(E). Upon careful review and consideration, the undersigned finds Plaintiff's amended complaint should be dismissed because Florida provides Plaintiff an adequate postdeprivation remedy. Also, because the Court previously screened Plaintiff's initial complaint and afforded him an opportunity to correct the identified deficiencies, the undersigned finds an additional opportunity to amend would be futile.

I.	BACKGROUND

Querisma sues Defendants Thomas Coleman and Matthew Aimanovich, two employees of the Walton County Sheriff's Office, for failing to return his cell phones to him. The amended complaint sets forth the factual allegations which follow, the truth of which is accepted for purposes of this Report and Recommendation.

On December 31, 2020, Defendants Coleman and Aimanovich approached Plaintiff while he was in a vehicle parked on his family's property. Defendants told Plaintiff "they were notified the vehicle was being driven earlier that day and that they couldn't identify the tag." Defendants summoned a canine and discovered several thousand dollars and an unloaded handgun. Defendants arrested Plaintiff on charges of failing to register a motor vehicle and unlawfully carrying a concealed firearm. Plaintiff was not ultimately convicted of these charges.[1]

During the arrest, Defendant Aimanovich seized two cell phones from Plaintiff and gave them to Defendant Coleman. After Plaintiff posted bond the following morning, he attempted to retrieve the phones but was told the phones had been booked into evidence and would not be returned. Plaintiff asserts Defendants believed he was a drug dealer and retained the phones to help in a drug investigation.

---

[1] Records from the website of the Walton County Clerk of Court indicate the traffic charge was nolle prossed and the weapons charge was resolved through a deferred prosecution agreement. *See State of Florida v. Querisma*, Case No. 662021CF000003CFAXMX.

Case No. 3:22cv5048-MCR-HTC

Because he was denied access to the phones for several months, Plaintiff was unable to operate his business and lost income.

Based on the foregoing, Plaintiff alleges Defendants violated his Fourth Amendment rights by seizing his phones without a subpoena or warrant. He also alleges Defendants defamed his character and racially profiled him. As relief, he seeks $17,500 in lost wages and $12,500 in punitive damages.

## II.   LEGAL STANDARD

"[A] district court has the inherent power to dismiss an action that is 'so patently lacking in merit as to be frivolous.'" *Guthrie v. U.S. Gov't*, 618 F. App'x 612, 617 (11th Cir. 2015) (quoting *Jefferson Fourteenth Assocs. v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524, 526 & n.3 (11th Cir.1983)); *see also Davis v. Kvalheim*, 261 F. App'x 231, 234-35 (11th Cir. 2008) (affirming district courts' inherent authority to dismiss frivolous claims *sua sponte*). "A claim is frivolous if it is without arguable merit either in law or fact." *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) (citation omitted); *see also Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (noting "a case is frivolous for section 1915(d) [now 28 U.S.C. § 1915(e)(2)(B)(i)] when it appears the plaintiff has little or no chance of success") (quotation marks and citation omitted).

In addition, the Court reads Plaintiff's *pro se* allegations in a liberal fashion, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), but is "not bound to accept as true

a legal conclusion couched as a factual allegation," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007), and conclusory allegations are not entitled to a presumption of truth. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *Ashcroft v. Iqbal*, 556 U.S. 662, 680-81 (2009).

## III.   DISCUSSION

As stated above, Plaintiff seeks to recover monetary damages for the Defendants' alleged retention of his cell phones following his arrest. *See* ECF Doc. 5 at 5 ("The phone[s] were held for several <u>months</u> causing loss of wages to [Plaintiff].") (emphasis in original); *id.* at 6 (describing the relief requested as $17,500 in lost wages and $12,500 in punitive damages). Although Plaintiff characterizes this claim as one under the Fourth Amendment, it is not. "A complaint of continued retention of legally seized property raises an issue of procedural due process under the Fourteenth Amendment[.]" *Case v. Eslinger*, 555 F.3d 1317, 1330 (11th Cir. 2009). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). Florida offers such a remedy, as it has waived its sovereign immunity in tort actions for the negligent or wrongful acts of employees causing injury or loss of property. Fla. Stat. § 768.28(1); *see also Jackson v. Hill*, 569 F. App'x 697, 698

(11th Cir. 2014) (concluding Florida provided adequate postdeprivation remedy because individuals can sue state officials for the conversion of their personal property); *Case*, 555 F.3d at 1331 ("Under the law of Florida, law enforcement officers may be liable for conversion for the seizure or retention of personal property.") (quotation marks and citation omitted).

Indeed, Plaintiff availed himself of at least one of the remedies offered by Florida. On March 30, 2021, Plaintiff filed a case against the Walton County Sheriff's Office in small claims court in Walton County. *Querisma v. Walton Cnty. Sheriff's Office*, Case No. 662021SC000207SCAXMX. Plaintiff's Statement of Claim indicated he sought $8,000 for the "illegal seizure of cellular devices of an entertainer causing forfeiture of contracts." *Id.* at Doc. 4. The case was dismissed on August 12, 2021, due to Plaintiff's failure to appear at the pretrial hearing, *id.* at Doc. 22, but it was later reopened as a different case because Plaintiff had been provided with the wrong date for the hearing. *Id.* at Doc. 24. In the second case, Plaintiff indicated he sought $8,500 for the "illegal seizure of cellular devices without [a] subpoena or warrant." *Querisma v. Walton Cnty. Sheriff's Dep't*, Case No. 662021SC000572SCAXMX at Doc. 4. At the final hearing, Plaintiff, Defendant Coleman, and Belinda Farmer testified. *Id.* at Doc. 14. After the hearing, the

presiding judge entered final judgment in favor of the Walton County Sheriff's Office on December 13, 2021.[2] *Id.* at Doc. 16.

The availability of an adequate postdeprivation remedy under Florida law precludes Plaintiff from pursuing a Fourteenth Amendment claim against Defendants for retaining his cell phones in the months following his arrest.

Also, as set forth in the Court's initial amend order, to the extent Plaintiff takes issue with the initial seizure of the phones (versus the retention of the phones), Plaintiff has not alleged facts sufficient to state a claim under the Fourth Amendment. Plaintiff does not identify where the phones were found or when they were actually seized. Regardless, law enforcement may search an arrestee and seize items on their person or within their immediate control without a warrant. *See Arizona v. Gant*, 556 U.S. 332, 338 (2009) ("Among the exceptions to the warrant requirement is a search incident to a lawful arrest."); *United States v. O'Dell*, 483 F. Supp. 3d 757, 762 (D. Alaska 2020) (allowing warrantless seizure of cell phone incident to defendant's arrest on weapons charge and recognizing "a cell phone may be seized and searched for evidence of illegal possession of a firearm"); *see also Riley v. California*, 573 U.S. 373 (2014) (noting Riley, who was arrested for

---

[2] To the extent Plaintiff wants the Court to review and reject the state court's judgment, the Court lacks jurisdiction to do so under the *Rooker-Feldman* doctrine. *See Target Media Partners v. Specialty Mktg. Corp.*, 881 F.3d 1279, 1281 (11th Cir. 2018) ("The Rooker-Feldman doctrine eliminates federal court jurisdiction over those cases that are essentially an appeal by a state court loser seeking to relitigate a claim that has already been decided in a state court.").

possession of concealed and loaded firearms, made "sensible concession" that "officers could have seized and secured [his] cell phone[] to prevent destruction of evidence while seeking a warrant").[3]

Finally, Plaintiff's complaint includes vague references to "racial profiling by law enforcement." ECF Doc. 5 at 6. The Equal Protection Clause of the Fourteenth Amendment "prohibits selective enforcement of the law based on considerations such as race." *Whren v. United States*, 517 U.S. 806, 813 (1996). To prevail on such a claim, Plaintiff must demonstrate Defendants' enforcement of the law had a discriminatory effect and it was motivated by a discriminatory purpose. *See United States v. Armstrong*, 517 U.S. 456, 465 (1996). To establish a discriminatory effect based on race, Plaintiff must show that similarly situated individuals of a different race did not receive the same treatment by law enforcement. *Id.*; *see also Swint v. City of Wadley, Ala.*, 51 F.3d 988, 1000 (11th Cir. 1995) ("Absent some evidence of racially disproportionate arrests compared to the actual incidence of violations by race, there is no basis for inferring racially selective law enforcement.").

---

[3] The warrantless seizure of the phones may also be justified as an inventory search of Plaintiff's personal property; such a search is a well-defined exception to the Fourth Amendment's warrant requirement and "is a routine administrative procedure conducted by police incident to arrest." *Chrispen v. Sec'y, Fla. Dep't of Corr.*, 246 F. App'x 599, 601 (11th Cir. 2007) (explaining "[t]he purpose of an inventory search is to protect the owner's property while it is in police custody, to protect the police from claims over lost or stolen property and to protect the police from potential dangers") (citations omitted).

Here, Plaintiff has not alleged any facts regarding a racial profiling claim. He does not identify: (1) his race or Defendants' races; (2) any similarly situated individual of a different race who was treated differently by Defendants in similar circumstances; or (3) any basis for concluding Defendants' interactions with him were racially motivated. Because Plaintiff has made only the conclusory assertion that Defendants racially profiled him, his equal protection claim is frivolous and subject to dismissal. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.") (citation omitted).

## IV.   CONCLUSION

For the reasons set forth above, the undersigned finds Plaintiff has failed to state a claim under the Fourth or Fourteenth Amendments and, given the facts and relief sought, allowing Plaintiff a second opportunity to amend would be futile. Also, because Plaintiff's amended complaint does not present a viable Fourth or Fourteenth Amendment claim, Plaintiff's state law defamation claim should be dismissed without prejudice. *See Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004) (The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.") (citing *L.A. Draper & Son v. Wheelabrator-Frye, Inc.*, 735 F.2d 414, 428 (11th Cir. 1984)).

Accordingly, it is RECOMMENDED:

1. That Plaintiff's Fourth Amendment and Fourteenth Amendment claims be DISMISSED WITH PREJUDICE.

2. That the Court decline to exercise supplemental jurisdiction over Plaintiff's state law defamation claim and it be DISMISSED WITHOUT PREJUDICE.

3. That the clerk be directed to close the file.

At Pensacola, Florida, this 6th day of July, 2022.

/s/ Hope Thai Cannon
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within **fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.